UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BASIL HANSEN,

    Petitioner,

v.

U.S. PAROLE COMMISSIONER,

    Respondent.

Civ. No. 13-7320 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

    Petitioner is currently incarcerated at F.C.I. Fairton in Fairton, New Jersey. He brings this petition for writ of mandamus pursuant to 28 U.S.C. § 1361.[1] He requests that this Court issue a writ of mandamus compelling the United States Parole Commission to conduct a hearing.

    The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996) ("PLRA"), establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal *in forma pauperis*. The United States Court of Appeals for the Third Circuit has not expressly decided whether the PLRA applies to mandamus petitions brought in the District Court pursuant to 28 U.S.C. § 1361. *See Madden v. Myers*, 102 F.3d 74, 77 n.2 (3d Cir. 1996) (declining to decide whether the PLRA applies to § 1361 petitions), *superseded on other grounds by*, 3d Cir. Local App. R. 24.1(c). However, several courts that have analyzed this issue have determined that the PLRA applies to § 1361 petitions. *See Martin v. Grimshaw*, No. 98-4382, 1999 WL 1021705, at *1 (6th Cir. Nov. 2, 1999) ("An action brought under § 1361 is a 'civil action' for purposes of the PLRA.") (citations omitted); *Hamani v. Dir.*

---

[1] Section 1361 states that, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

1

*Fed. Bureau of Prisons*, No. 11-2780, 2011 WL 2112306, at *1 (D.N.J. May 25, 2011) (stating that § 1361 action is governed by the PLRA); *Murray v. Grondolsky*, No. 09-2172, 2009 WL 2030911, at *1 (D.N.J. July 6, 2009) (same); *Keys v. Dep't of Justice*, No. 08-2239, 2009 WL 648926, at *3 (M.D. Pa. Mar. 10, 2009) (finding that PLRA applies to § 1361 action based on plain language of the statute); *see also Franco v. Bureau of Prisons*, 207 F. App'x 145, 145-46 (3d Cir. 2006) (per curiam) (affirming district court dismissal under 28 U.S.C. § 1915(e)(2) of action for § 1361 writ of mandamus against Bureau of Prisons, and dismissing appeal under § 1915(e)(2)(B)). Accordingly, the Court finds that the PLRA applies in this case.

A prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the applicable filing fee. *See* 28 U.S.C. § 1915(a)(1). The prisoner must also submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. *See id.* § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *See id.* In this case, petitioner has not paid the $400 filing fee ($350.00 filing fee plus a $50.00 administrative fee), nor submitted an application to proceed *in forma pauperis*.[2]

Even if a prisoner is granted *in forma pauperis* status, he must pay the full amount of the filing fee. *See* 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20 % of the preceding month's income credited to the prisoner's account. *See id.* § 1915(b)(2).

---

[2] An *in forma pauperis* petitioner does not owe the $50.00 administrative fee.

Petitioner may not have known when he submitted his mandamus petition that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See id.* § 1915(e)(2)(B); *see also id.* § 1915A(b).

If the petitioner has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. *See id.* § 1915(g).

As petitioner has neither paid the filing fee nor submitted an application to proceed *in forma pauperis*, the Clerk will be ordered to administratively close the case. However, petitioner shall be given an opportunity reopen this action by either paying the filing fee or submitting a complete *in forma pauperis* application.


DATED:   December 19, 2013

                                                 s/Robert B. Kugler
                                                 ROBERT B. KUGLER
                                                 United States District Judge