UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BASIL HANSEN, :
:
       Petitioner, :   Civ. No. 13-7320 (RBK)
:
v. :   **OPINION**
:
U.S. PAROLE COMMISSIONER, :
:
       Respondent. :
:

**ROBERT B. KUGLER, U.S.D.J.**

### I.   INTRODUCTION

Petitioner is a federal prisoner currently incarcerated at F.C.I. Fairton in Fairton, New Jersey. He is proceeding *pro se* with a petition for writ of mandamus pursuant to 28 U.S.C. § 1361.[1] Petitioner claims that he is entitled to a parole revocation hearing. For the following reasons, the petition will be denied.

### II.   BACKGROUND

Petitioner was sentenced in 1978 in the United States District Court for the Southern District of New York to sixty years imprisonment to be followed by a twelve-year special parole term on his conviction for conspiracy to possess with intent to distribute heroin. On July 9, 2002, the United States Parole Commission (the "Commission") placed petitioner on parole from this sentence. Subsequently, effective June 18, 2007, the Commission discharged petitioner from parole and he began his twelve-year special parole term.

---

[1] Section 1361 states that, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

On November 27, 2007, the Commission received a letter from Michael F. Wasmer, a United States Probation Officer with the Southern District of New York. The letter indicated that petitioner was the target of an ongoing United States Department of Homeland Security, Bureau of Immigration and Customs Enforcement (BICE) criminal narcotics investigation. Additionally, the letter indicated that a BICE complaint/affidavit in support of an arrest warrant for petitioner and co-defendants had been issued on November 9, 2007.

On November 29, 2007, the Commission issued a warrant charging petitioner with violating the conditions of his special parole due to his failure to report to a supervising officer as directed. The warrant indicated that the last contact the United States Probation Officer had with petitioner was during a home visit on July 19, 2007. Furthermore, the warrant indicated that since that time, petitioner had been intentionally concealing himself from active supervision. (*See* Dkt. No. 9-6 at p. 2.) The Commission then instructed the United States Marshal to assume custody of petitioner as soon as possible or when located. However, the instructions to the Marshal also stated as follows:

> If the parolee is already in custody of federal or state authorities, do not execute this warrant. Place a detainer and notify the Commission. *Also, if a criminal arrest warrant has been issued for this parolee, execution of such criminal warrant shall take precedence*.
>
> If the prisoner is sentenced to a new Federal or State term of imprisonment, place the warrant as a detainer and indicate the institution designated for service of sentence.

(Dkt. No. 9-7 at p. 2 (emphasis added).)

Petitioner was subsequently arrested on January 31, 2008 by the Marshals and was arraigned in the United States District Court for the Eastern District of New York on February 4, 2008. (*See* Dkt. No. 9-20 at p. 10.) On February 7, 2008, a United States Probation Officer

conducted a preliminary interview with petitioner at the Metropolitan Correctional Center in New York. The Probation Officer's summary report indicated that petitioner was arrested by the United States Marshals on the parole warrant. (*See* Dkt. No. 9-8 at p. 2.) However, the parole violator warrant was never executed by the Marshal's Service. (*See* Dkt. No. 9-6 at p. 5.) Indeed, the Marshal's Service advised the Commission that it had followed the Commission's instructions and did not execute the parole violator warrant because another warrant (petitioner's criminal arrest warrant) existed. (*See* Dkt. No. 11 at p. 2.) Accordingly, the Commission indicated that petitioner's parole warrant remained lodged as a detainer. (*See* Dkt. No. 9-12 at p. 2.)

On April 3, 2009, petitioner was sentenced in the United States District Court for the Eastern District of New York to twenty years imprisonment with ten years of supervised release for multiple charges involving importing and conspiracy to distribute a controlled substance. The Federal Bureau of Prisons ("BOP") issued a Detainer Action Letter to the Commission on September 11, 2009, which indicated that the parole violator warrant had been lodged as a detainer and that petitioner's release was scheduled for July 7, 2025 (Dkt. No. 9-14 at p. 2.) The Commission then notified the BOP on April 10, 2013 that the detainer was being reviewed as well as F.C.I. Fairton. (*See* Dkt. No. 1 at p. 23.) The letter indicated that the Commission was conducting its review pursuant to 18 U.S.C. § 4214(b)(1) to determine whether the parole violator warrant should remain as a detainer. (*See id.*) Petitioner then indicated that he wished the services of an attorney, and one was then provided to him. (*See* Dkt. No. 1 at p. 25, 26.) Appointed counsel then sent a letter to the Commission indicating that petitioner requested a parole revocation hearing. (*See* Dkt. No. 9-16 at p. 2.) Appointed counsel was then contacted by the Commission to inquire whether he had submitted everything on his client's behalf before the

Commission made a decision on the detainer.  (*See* Dkt. No. 9-17 at p. 2.)  On February 25, 2014, the Commission informed petitioner and his appointed counsel that the detainer would stand.  (*See* Dkt. No. 9-18 at p. 2.)

Petitioner subsequently filed this petition for writ of mandamus in 2013.  He claims that the Commission was required to hold a parole revocation hearing within sixty days of when it makes a determination of probable cause.  According to petitioner, he was convicted on September 3, 2008 and sentenced on April 3, 2009.  Thus, petitioner claims he has been in custody for over five years but has not been afforded a parole revocation hearing since his February 7, 2008 preliminary hearing.  He also claims that he was entitled to have the detainer reviewed within 180 days from when the Commission received notice.  Finally, petitioner argues that the detainer is invalid as he was no longer on parole when he was arrested.

Respondent filed an answer and the matter is now ready for adjudication.

### III.   DISCUSSION

A.  <u>Mandamus Generally</u>

"The extraordinary remedy of mandamus under 28 U.S.C. § 1361 will issue only to compel the performance of a 'clear nondiscretionary duty.'"  *Pittston Coal Group v. Sebben*, 488 U.S. 105, 121 (1988) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)).  "A party seeking the issuance of the writ of mandamus must 'have no other adequate means to attain the relief he desires,' and must show that the 'right to the issuance of the writ is clear and indisputable.'"  *Volcy v. United States*, 469 F. App'x 82, 83 (3d Cir. 2012) (per curiam) (citing *Stehney v. Perry*, 101 F.3d 925, 934 & n.6 (3d Cir. 1996) (quoting *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980))).  "To have a 'clear and indisputable' right to the issuance of the writ under § 1361, the petitioner must show that he is owed 'a legal duty which is a specific, plain ministerial

act devoid of the exercise of judgment or discretion.'" *Id.* at 84 (quoting *Richardson v. United States*, 465 F.2d 844, 849 (3d Cir. 1972) (en banc), *rev'd on other grounds*, 418 U.S. 166 (1974)). "Even where this burden is met, the court has discretion to deny the writ, 'even when technical grounds for mandamus are satisfied.'" *Bango v. Green-Allen*, No. 10-6180, 2011 WL 9500, at *3 (D.N.J. Jan. 3, 2011) (quoting *Coombs v. Staff Attorneys*, 168 F. Supp.2d 432, 434-35 (E.D. Pa. 2001)).

    B. <u>Parole Revocation Hearing</u>

Petitioner's right to a parole revocation hearing is triggered when the parole violator warrant is executed, not when it is issued. *See Moody v. Daggett*, 429 U.S. 78, 86-87, 89 ("The Commission therefore has no constitutional duty to provide petitioner an adversary parole hearing until he is taken into custody as a parole violator by execution of the warrant."). The Court recognizes the potential confusion in this case as the Southern District of New York Probation Officer's February 7, 2008 summary report of the preliminary interview stated that plaintiff was arrested by the Marshals on the parole warrant. This execution would have then triggered plaintiff's right to a parole revocation hearing. However, the Marshals stated that plaintiff was arrested on the criminal warrant. Indeed, the parole warrant does not show that it was ever executed on plaintiff. Therefore, plaintiff has failed to show that he has a clear and indisputable right to a parole revocation hearing at this time. *Accord Mooody*, 429 U.S. at 86-87, 89; *Harris v. United States*, No. 08-2057, 2009 WL 700786, at *1 (N.D. Tex. Mar. 17, 2009) (noting that the Supreme Court in *Moody* "held that a federal parolee, imprisoned for a crime committed while on parole "was not constitutionally entitled to a prompt parole revocation hearing when a parole violator warrant was issued and lodged with the institution of his confinement but not served on him. The right to a revocation hearing accrues only once the

parole revocation warrant has been executed, and the petitioner has been taken into federal custody."); *Riley v. Holt*, No. 04-1976, 2005 WL 1154755, at *2 (M.D. Pa. May 4, 2005) ("It is well settled law that the Due Process right to a revocation hearing accrues when the warrant is executed, not when it is issued."). Thus, petitioner is not entitled to a writ of mandamus on this issue.

   C.  Review of Detainer

In his petition, petitioner also cites to 18 U.S.C. § 4214(b)(1)[2] and 28 C.F.R. § 2.47 to that he is entitled to notice of and a dispositional review of the detainer lodged against him within 180 days. Section 4214(b)(1) states as follows:

> Conviction for any criminal offense committed subsequent to release on parole shall constitute probable cause for purposes of subsection (a) of this section. In cases in which a parolee has been convicted of such an offense and is serving a new sentence in an institution, a parole revocation warrant or summons issued pursuant to section 4213 may be placed against him as a detainer. Such detainer shall be reviewed by the Commission within one hundred and eighty days of notification to the Commission of placement. The parolee shall receive notice of the pending review, have an opportunity to submit a written application containing information relative to the disposition of the detainer, and, unless waived, shall have counsel as provided in subsection (a)(2)(B) of this section to assist him in the preparation of such application.

18 U.S.C. § 4214(b)(1); *see also* 28 C.F.R. § 2.47(a)(2).

For the following reasons, petitioner is not entitled to mandamus relief on this issue as well. It is worth noting that the Commission received notice of the detainer being lodged against petitioner on September 11, 2009. (*See* Dkt. No. 1 at p. 20.) However, it did not finish its review of the detainer until over four years later, or on February 25, 2014 when it ordered that

---

[2] Section 4214(b)(1) is part of the Parole Commission and Reorganization Act ("Parole Act"). The Parole Act was repealed but remains in effect as to any individual who committed an offense on or before November 1, 1987. *See Morabito v. United States Parole Comm'n*, 181 F. App'x 244, 244 n.1 (3d Cir. 2006) (citing *Benny v. United States Parole Comm'n*, 295 F.3d 977, 981 n.2 (9th Cir. 2002)).

the detainer would stand. (*See* Dkt. No. 9-18 at p. 2.) While the review of the detainer by the Commission occurred well beyond the 180-day period set forth under the statute, petitioner has now received what is owed to him under the statute, namely notice and a dispositional review of the detainer. Thus, this argument for mandamus relief is now moot. Petitioner received the only relief available to him on this argument and he does not allege any prejudice from this delay. *Accord Johnson v. Norwood*, No. 08-0824, 2008 WL 2853254, at *8 (C.D. Cal. July 22, 2008) ("[T]he untimeliness of the dispositional review does not provide a basis for federal habeas relief. Because Petitioner *did* receive a dispositional review and has not alleged, much less established, any prejudice or bad faith in connection with the review's untimeliness, his claim is moot.") (citing *Anderson v. United States*, 898 F.2d 751, 752 (9th Cir. 1990) (per curiam); *Berg v. United States Parole Comm'n*, 735 F.2d 378, 379 n.3 (9th Cir. 1984)).

   D. Argument in Reply Brief

Petitioner raises an additional issue in his reply brief that he did not raise in his original petition for writ of mandamus. Specifically, petitioner claims that his twelve-year special parole term should have commenced on July 9, 2002, when he was released on parole. He claims that the Commission "took it upon itself to place me regular parole instead of special parole after my confinement expired." (Dkt. No. 10 at p. 2.) He further claims that once he was discharged from supervision on June 18, 2007, that should have concluded his special parole term as well. According to petitioner, "[h]ad the proper procedure been followed once my confinement expired on July 9, 2002 . . . I would have been off of Special Parole 7 months prior to me being re-arrested and as a result of the early discharge. Any Parole Warrant filing, should have meaningless." (*Id.* at p. 3.) In light of this, he requests that this Court construe the parole warrant as invalid. (*See id.* at p. 4.) He further states that his petition for writ of mandamus

7

should be characterized as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on this argument.

Petitioner's argument does not merit granting habeas relief. "[T]he statute authorizing the imposition of special parole commands that special parole be served in addition to, and not concurrent with, other parole." *Lueth v. Beach*, 498 F.3d 795, 797 (8th Cir. 2007) (citing 21 U.S.C. 841(c) (A special parole term provided for in this section . . . shall be in addition to, and not in lieu of, any other parole provided for by law."))[3] The Commission's regulations also provide that:

> (a) The Drug Abuse Prevention and Control Act , 21 U.S.C. sections 801 to 966, provides that, on conviction of certain offenses, mandatory "special parole terms" must be imposed by the court as part of the sentence. This term is an additional period of supervision which commences upon completion of any period of parole or mandatory release supervision from the regular sentence; or if the prisoner is released without supervision, commences upon such release.
> . . . .
> (e) If regular parole or mandatory release supervision is terminated under § 2.43, the Special Parole Term commences to run at that point in time.

28 C.F.R. § 2.57(a) & (e).

Petitioner was paroled on July 2, 2002. On June 18, 2007, the Commission discharged him from his parole to begin his twelve-year special parole term. As the above statutory and regulatory language above indicates, the special parole term was in addition to, and not in lieu of petitioner's regular parole. Thus, petitioner fails to show that he is entitled to habeas relief on this argument as the Commission acted in accord with the applicable statutes and regulations.

---

[3] Section 841(c) was repealed by the Comprehensive Crime Control Act of 1984, but remains applicable to offenses committed prior to November 1, 1987. *See Leuth*, 498 F.3d at 797 n.4 (citation omitted); *Hall v. United States Parole Comm'n*, No. 07-3448, 2008 WL 700966, at *2 n.4 (E.D. Pa. Mar. 13, 2008).

## IV.     CONCLUSION

For the foregoing reasons, the petition for writ of mandamus will be denied.  An appropriate order will be entered.


DATED:  June 12, 2014

                                              s/Robert B. Kugler
                                              ROBERT B. KUGLER
                                              United States District Judge